UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH E. FLICK,<br><br>   *Plaintiff*,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General, U.S. Department of Justice, in his Official Capacity,<br><br>   *Defendant*. | Civil Action No. 17-529 (TJK) |

## MEMORANDUM OPINION AND ORDER

Plaintiff resides in Douglasville, Georgia, located in the Northern District of Georgia. ECF No. 1 ("Compl.") ¶ 7. In 1987, he pleaded guilty in the U.S. District Court for the Northern District of Georgia to federal copyright-infringement and smuggling charges. *Id.* ¶¶ 11, 13. As a result of these felony convictions, Plaintiff is prohibited by federal statute, 18 U.S.C. § 922(g)(1), from possessing firearms or ammunition. Compl. ¶ 7. Plaintiff claims that this prohibition, as applied to him, violates his rights under the Second Amendment to the U.S. Constitution, because his crimes occurred long ago and did not involve violence, and because he is now a responsible and law-abiding citizen. *Id.* ¶¶ 64-66.

Defendant has moved to transfer the case to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) or, alternatively, to dismiss it. ECF No. 8 ("Def.'s Br."); *see also* ECF No. 10 ("Pl.'s Opp'n"); ECF No. 11 ("Def.'s Reply"). As explained below, the motion will be granted, and the case will be transferred to the Northern District of Georgia.

### I. Legal Standard

Section 1404(a) provides that any case may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might

have been brought." 28 U.S.C. § 1404(a).  The moving party bears the heavy burden of making a decisive showing that transfer is proper. *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 31 (D.D.C. 2002).  "In evaluating a motion to transfer, a court may weigh several private- and public-interest factors." *Mazzarino v. Prudential Ins. Co. of Am.*, 955 F. Supp. 2d 24, 28 (D.D.C. 2013).  "If the balance of private and public interests favors a transfer of venue, then a court may order a transfer." *Id.*

## II.  Analysis

### A.  Potential Prejudice to Plaintiff from Proceeding under the Law of the Transferee Court

Before turning to the familiar private- and public-interest factors that govern a transfer-of-venue analysis, the Court must address a threshold issue that Plaintiff has raised.  He argues that this case cannot be transferred to the Northern District of Georgia because he would suffer prejudice if he had to proceed under the law of the Eleventh Circuit.  He claims that D.C. Circuit law is favorable to him, and specifically, he relies on dictum in *Schrader v. Holder*, 704 F.3d 980 (D.C. Cir. 2013).  *See* Pl.'s Opp'n at 6.  The *Schrader* court considered—and rejected—a classwide challenge to § 922(g)(1)'s ban on firearm possession as applied to misdemeanants. *See* 704 F.3d at 991.  The court noted that the plaintiff in that case had not brought a challenge to the law as it applied to him individually, and opined that Congress might consider funding an existing mechanism for relief from § 922(g)(1) lest the statute "remain vulnerable to a properly raised as-applied constitutional challenge." *Id.* at 992.  Plaintiff argues that similarly "favorable" case law is lacking in the Eleventh Circuit, and that courts in the Northern District of Georgia have dismissed as-applied challenges by felons.  *See* Pl.'s Opp'n at 8-9.

Plaintiff's threshold objection fails.  As an initial matter, his reference to *Schrader*'s dictum notwithstanding, Plaintiff has not identified a difference in law between the two

2

jurisdictions. Plaintiff points to no binding authority in the D.C. Circuit or the Eleventh Circuit that controls the sort of as-applied challenge he seeks to bring. *See* Pl.'s Opp'n at 6-9.

And even if there were differences in circuit law, they would not prevent a transfer of venue under § 1404(a) here. Certainly, Plaintiff cites no authority actually supporting that proposition. To the contrary, "[i]n federal-question cases, transfer is permissible even when the transferee forum is in a circuit that has interpreted a federal law differently than the circuit of the transferor forum." *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 69 n.4 (D.D.C. 2003). That is because "the federal courts comprise a single system in which each tribunal endeavors to apply a single body of law." *Id.* (quoting *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987)).

Therefore, the Court proceeds to the well-recognized framework for analyzing a motion to transfer venue. The parties agree that this action might have been brought in the Northern District of Georgia. Def.'s Br. at 6; Pl.'s Opp'n at 10; *see also* 28 U.S.C. § 1391(e)(1). The Court will therefore weigh the private- and public-interest factors to determine if they justify a transfer.

### B.   Private-Interest Factors

The private-interest considerations that a court may weigh in evaluating a motion to transfer venue include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of witnesses; and (6) ease of access to sources of proof." *Mazzarino*, 955 F. Supp. 2d at 28.

The first factor, the plaintiff's choice of forum, weighs slightly against transfer. The plaintiff's choice usually receives deference, especially when the plaintiff brings suit in his home district. *Id.* at 29. But the plaintiff's choice is entitled to little or no deference where "the parties, facts, and claims . . . lack any significant connection to the District of Columbia." *Id.* at

3

30. The mere fact that the defendant can be sued in the forum is not enough, particularly where the defendant is subject to suit nationwide. *See id.* Plaintiff argues that his choice of forum is due extra deference because the law in this Circuit is, he claims, more favorable to him. Pl.'s Opp'n at 10. But this does not weigh against transfer. To the contrary, "a court should be vigilant to possible forum shopping, especially when the underlying case has little or no connection to the district in which it sits." *Mazzarino*, 955 F. Supp. 2d at 30. And that is doubly true where a plaintiff, by "naming high government officials as defendants," seeks to "bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Given the lack of any meaningful connection between the case and this District, as well as Plaintiff's apparent forum shopping, this factor is arguably neutral. Nonetheless, the Court will assume for purposes of its analysis that this factor weighs slightly against transfer.

The second factor, the defendant's preferred forum, slightly favors transfer, as Plaintiff concedes. Pl.'s Opp'n at 11. While this factor does not weigh strongly here, "the weight of a defendant's choice of forum may be strengthened when the weight of the plaintiff's choice is comparatively weak." *Mazzarino*, 955 F. Supp. 2d at 31 (quoting *Virts v. Prudential Life Ins. Co. of Am.*, 950 F. Supp. 2d 101, 106 (D.D.C. 2013)).

The third factor, the location where the claim arose, strongly favors transfer. Plaintiff argues that it favors him, because Defendant enforces the federal firearms laws from the District of Columbia. Pl.'s Opp'n at 10-11. This argument is meritless. "[V]enue is not appropriate in the District of Columbia, where 'the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the [administrative] process.'" *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21,

26 (D.D.C. 2002) (alterations in original) (quoting *DeLoach v. Philip Morris Cos.*, 132 F. Supp. 2d 22, 25 (D.D.C. 2000)).  In fact, it is clear that Plaintiff's claim arose in the Northern District of Georgia.  That is where his 1987 convictions occurred and where he has resided for the last thirty years.  *See* Compl. ¶¶ 13, 24.  Moreover, Plaintiff alleges that his work as a successful businessman and philanthropist supports his constitutional claim, and those activities largely took place near his home.  *See id.* ¶¶ 26-39.  He also relies on the fact that the State of Georgia has restored his rights to firearm ownership under state law.  *See id.* ¶ 41.  Finally, he claims that his desire to own firearms stems in part from his experiences as a victim of burglaries at his home.  *See id.* ¶¶ 53-57.  In short, the facts of this case overwhelmingly—indeed, perhaps exclusively—took place in the Northern District of Georgia.  Therefore, this factor strongly favors transfer.

The parties agree that the fourth, fifth and sixth factors are neutral.  *See* Def.'s Br. at 7; Pl.'s Opp'n at 11.

Taken together, the private-interest factors clearly weigh in favor of transfer.  To the extent the first factor tips against transfer, it is vastly outweighed by the second and third.

### C.     Public-Interest Factors

Public-interest considerations relevant to a transfer-of-venue analysis include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home."  *Mazzarino*, 955 F. Supp. 2d at 28.

The parties agree that the first factor is neutral.  *See* Def.'s Br. at 8; Pl.'s Opp'n at 11.

The parties also agree that the second factor, congestion of the courts, favors transfer. *See* Def.'s Br. at 8; Pl.'s Opp'n at 11-12.  Defendant attaches an exhibit showing that, while the

Northern District of Georgia has a higher caseload, civil matters proceed much more quickly there than in this District. *See* ECF No. 8-1.

The third factor, the "local interest in deciding local controversies," weighs strongly in favor of transfer. Plaintiff disagrees, arguing that he "seeks the restoration of his firearm rights, which have been banned not just locally in Georgia but throughout the United States." Pl.'s Opp'n at 12. But Plaintiff conveniently ignores the fact that he brings an as-applied, not facial, challenge to the statute. He wishes to own firearms "for sport and for self-defense within his own home." Compl. ¶ 7. Clearly, those most affected by the outcome of this case will be Plaintiff, his family, and the surrounding community in the Northern District of Georgia. Therefore, this factor strongly favors transfer.

Together, the public-interest factors weigh in favor of transfer. And when they are combined with the private-interest factors, the case for transfer is overwhelming.

### III. Conclusion and Order

Therefore, the Court hereby **ORDERS** that Defendant's motion (ECF No. 8) is **GRANTED**. The action shall be transferred to the U.S. District Court for the Northern District of Georgia.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 30, 2018